UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHARONNE JOHNSON * CIVIL NO. 6:15-1862

VS. * JUDGE DRELL

JOWIN EXPRESS, INC., ET AL. * MAGISTRATE JUDGE HANNA
GIS MARINE, LLC, ET AL.

## ORDER

By the instant Motion to Compel Neuropsychological Examination [rec. doc. 29], the defendants seek to have plaintiff, Sharonne Johnson, examined by Dr. Kevin Bianchini, Ph.D., who will perform neuropsychological testing of Ms. Johnson over a two day period.

While not contesting that Ms. Johnson's mental condition is "in controversy", the plaintiffs oppose the Motion arguing that Ms. Johnson has already undergone neuropsychological testing performed by her chosen expert, Eric Cerwonka, Psy.D. Accordingly, they argue that Dr. Bianchini may formulate his opinion utilizing Dr. Cerwonka's test results and corresponding raw data, without the need for additional testing. They additionally argue that the requested examination should not be ordered because the defendants have not specifically identified the exact tests which Dr. Bianchini wishes to administer. In support of this argument, the cite Louisiana state law cases.

Independent medical examinations are authorized under Rule 35, FRCP.[1] A medical examination may be ordered under the Rule when the moving party shows "good cause" for the examination and that the condition to be examined be "in controversy". *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. 2006); *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). Generally, courts liberally construe the rule in favor of granting discovery. *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592, *1 (W.D. La. 2015) *citing McClanahan v. Transocean Offshore Intern. Ventures Ltd.,* 2006 WL 2989243, at *2 (W.D. La. 2006) *citing Grossie*, *supra.* Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts, and depends solely on the circumstances underlying the request. *Moore*, 142 F.R.D. at 135. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court. *Id. citing Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc*, 1993 WL 441890, *1 (E.D. La. 1993).

---

[1] Federal Rule of Civil Procedure 35(a) provides, "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

Here, plaintiffs do not argue that Ms. Johnson's medical condition is not in controversy. Rather, plaintiffs argue that the defendants have not shown "good cause" for the examination. More specifically, plaintiffs argue that because Ms. Johnson has already undergone neuropsychological testing by an expert of her choosing, an examination by Dr. Bianchini, an expert for the defense, should not be ordered by this Court, as such an examination would be unnecessary and redundant. Instead, plaintiffs argue that Dr. Bianchini should be required to rely on the test results and corresponding raw data obtained from the tests administered by their expert, Dr. Cerwonka, to form his opinion.

Plaintiffs cite no federal jurisprudence in support of their position and the Court knows of no such jurisprudence that supports this proposition. To the contrary, the plaintiffs' position is contrary to existing federal jurisprudence. A plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information are available. *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 391-392 (S.D. Tex. 2013) *citing Jackson v. Entergy Operations, Inc.*, 1998 WL 28272, at *2 (E.D. La. 1998) and *Ferrell v. Shell Oil Co.*, 1995 WL 688795, at *1 (E.D. La. 1995). "Indeed, when a plaintiff has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to

permit defendant to select its own expert to examine her." *Jackson*, 1998 WL 28272, at 2; *Ferrell,* 1995 WL 688795, at *1.  "This is largely because one purpose in granting a request for an examination pursuant to Rule 35 is to preserve the equal footing of the parties." *Ornelas*, 292 F.R.D. at 391-392 (internal quotations and citations omitted).

Plaintiffs further argue that an examination by Dr. Bianchini should not be ordered because the defendants have failed to specifically identify the exact tests which Dr. Bianchini wishes to administer.  Again, plaintiffs fail to cite any applicable federal jurisprudence in support of this argument, and the Court again is unaware of the existence of any such jurisprudence.  To the contrary, under applicable federal law,  a list of tests is not required before a psychological examination can be conducted under Rule 35. *Daigle v. Nabors Drilling USA, LP*, 2007 WL 580781, *2 (W.D. La. 2007).  Further, Dr. Bianchini's "Neuropsychological Evaluation" provided by the defendants to plaintiffs sufficiently describes the nature and scope the nature of the tests which may be performed, and as such, satisfies the notice requirement of Rule 35.

For these reasons, as well as those orally assigned during the hearing of the Motion, the defendants'  Motion to Compel  Neuropsychological Examination [rec. doc. 29] is **granted.**  Accordingly, Sharonne Johnson shall  attend a

neuropsychological examination by Dr. Kevin Bianchini on July 19 and 20, 2016 from 9:00 a.m to 5:00 p.m. each day, at Dr. Bianchini's office located in Metairie, Louisiana.

Signed at Lafayette, Louisiana on June 8, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE